UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

SHREAL DOUGLAS, individually and       :
on behalf of all other persons
similarly situated, et al.,            :       15 Civ. 5126 (HBP)

                    Plaintiffs,        :       OPINION
                                               AND ORDER
     -against-                         :

SPARTAN DEMOLITION COMPANY LLC,        :
et al.,
                                       :

                    Defendants.
                                       :
-------------------------------------X


          PITMAN, United States Magistrate Judge:


          This matter is before me on the joint application of

plaintiffs and defendants A.J.S. Management, Inc. ("AJS") and AJS

Construction & Renovation Inc. ("C&R") to approve their proposed

settlement (Letter from Austin Graff, Esq., to the undersigned,

dated June 20, 2017 (Docket Item ("D.I.") 56).  Plaintiffs, AJS

and C&R have consented to my exercising plenary jurisdiction

pursuant to 28 U.S.C. § 636(c).  The remaining defendants have

failed to answer or move with respect to the complaint and are in

default.

          Plaintiffs commenced this action under the Fair Labor

Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor

Law alleging that they did not receive the minimum wage, overtime

premium pay and the prevailing wage for demolition work that they performed at a site located on the campus of Queens College.  The plaintiffs were directly employed by Spartan Demolition Company LLC.  They have asserted claims against AJS and C&R as the prime contractors and allege that AJS and C&R are liable as joint employers.  Plaintiffs also allege that they have standing to assert claims as third-party beneficiaries of the contract between AJS and New York City.  The amounts claimed by the plaintiffs, exclusive of liquidated damages, interest and attorney's fees, are as follows:

| Plaintiff | Amount Claimed |
|-----------|----------------|
| Douglas | $8,380.64 |
| Bautista | $8,380.64 |
| Smith | $8,380.64 |
| Dupree | $6,285.48 |
| Jones | $4,190.32 |

I held a lengthy settlement conference with the parties and counsel on May 17, 2017.  Although the matter did not settle at that time, the parties advised me that they were subsequently able to reach a settlement.  The proposed settlement requires AJS and C&R to pay a total of $24,000.00.  $2,324.90 of this sum is allocated to reimburse plaintiffs' counsel for out-of-pocket

costs.   Of the remainder, one-third, or $7,225.10, is allocated
to plaintiffs' counsel as a fee.   The proposed settlement calls
for the balance of $14,450.00 to be distributed among the plain-
tiffs as follows:

| Plaintiff | Amount of Settlement Proceeds to be Received |
|---|---|
| Douglas | $4,450.00 |
| Bautista | $3,500.00 |
| Smith | $2,000.00 |
| Dupree | $3,000.00 |
| Jones | $1,500.00 |

I cannot approve the settlement as it is currently
constituted.   First, there is no apparent rationale for the
allocation of the proceeds among the plaintiffs.   Each plain-
tiff's pro rata share of the total amount of the claims asserted
and his pro rata share of the proposed settlement is as follows:

| Plaintiff | Pro Rata Share of the Claims Asserted | Pro Rata Share of the Proposed Set- tlement |
|---|---|---|
| Douglas | 23.53% | 30.80% |
| Bautista | 23.53% | 24.22% |
| Smith | 23.53% | 13.84% |
| Dupree | 17.65% | 20.76 |
| Jones | 11.76% | 10.38% |

3

The papers currently before me offer no explanation for the disparity between each plaintiff's pro rata share of the claims and the amount each will receive in the settlement nor do the documents before me explain why plaintiffs Douglas, Bautista and Smith, who all have claims for the same amount, are each receiving widely differing amounts. There may be a valid reason for the disproportionate distribution, but given my obligation under Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S.Ct. 824 (2016), to review the settlement for fairness, I cannot approve such an unexplained disparate allocation.

Second, Second, the settlement agreement contains a provision prohibiting plaintiffs from assisting in a lawsuit or proceeding against defendants. Specifically, the proposed settlement agreement "bars the Plaintiffs from voluntarily testifying, providing documents or information, advising, counseling or knowingly providing any other form of voluntary assistance to any person or entity who wishes to make or who is making any claim against the AJS Defendants." Such a provision in an FLSA settlement is contrary to the remedial purposes of the statute. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016)

4

(Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp.,
No. 11 CV 1012 (DRH)(AKT), 2015 WL 3646663 at *1 (E.D.N.Y. June
10, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170,
178 (S.D.N.Y. 2015) (Kaplan, D.J.).

Accordingly, the application of plaintiffs, AJS and C&R
for approval of their proposed settlement agreement is denied
without prejudice to renewal.  Any renewed application for
approval of the settlement should explain the rationale for the
allocation of the proceeds among the plaintiffs and should
eliminate the "no-assistance" provision discussed in the preced-
ing paragraph.

Dated:   New York, New York
         July 7, 2017

                                   SO ORDERED

                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies transmitted to:

All Counsel of Record