```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SHREAL DOUGLAS, individually and    :
on behalf of all other persons
similarly situated, et al.,         :   15 Civ. 5126 (HBP)

                Plaintiffs,         :   OPINION
                                        AND ORDER
    -against-                       :

SPARTAN DEMOLITION COMPANY LLC,     :
et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This matter is before me on the joint application of plaintiffs and defendants A.J.S. Management, Inc. ("AJS") and AJS Construction & Renovation Inc. ("C&R") to approve their proposed settlement. Plaintiffs, AJS and C&R have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). The remaining defendants have failed to answer or move with respect to the complaint and are in default.[1]

Plaintiffs commenced this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor

---

[1] On September 15, 2017, I granted AJS and C&R's counsel's motion to withdraw (Order, dated Sept. 15, 2017 (D.I. 61)). No attorney has since filed a notice of appearance on behalf of these defendants.

Law alleging that they did not receive the minimum wage, overtime premium pay and the prevailing wage for demolition work that they performed at a site located on the campus of Queens College. The plaintiffs were directly employed by Spartan Demolition Company LLC ("Spartan"). They have asserted claims against AJS and C&R as the prime contractors and allege that AJS and C&R are liable as joint employers. Plaintiffs also allege that they have standing to assert claims as third-party beneficiaries of the contract between AJS and New York City.

AJS and C&R contest the plaintiffs' allegations and argue that they are not liable as joint employers under the wage-and-hour laws. AJS and C&R also argue that they are not liable for unpaid prevailing wages because they paid Spartan, and Spartan provided AJS and C&R with payroll reports certifying that Spartan paid plaintiffs the wages to which they were legally entitled.

The amounts claimed by the plaintiffs, exclusive of liquidated damages, interest and attorney's fees, are as follows:

| Plaintiff | Amount Claimed |
|---|---|
| Douglas | $8,380.64 |
| Bautista | $8,380.64 |
| Smith | $8,380.64 |
| Dupree | $6,285.48 |
| Jones | $4,190.32 |

I held a lengthy settlement conference with the parties and counsel on May 17, 2017. Although the matter did not settle at that time, the parties advised me that they were subsequently able to reach a settlement. The proposed settlement requires AJS and C&R to pay a total of $24,000.00 to settle the claims against them. $2,324.90 of this sum is allocated to reimburse plaintiffs' counsel for out-of-pocket costs. Of the remainder, one-third, or $7,225.10, is allocated to plaintiffs' counsel as a fee. The proposed settlement calls for the balance of $14,450.00 to be distributed among the plaintiffs as follows:

| Plaintiff | Amount of Settlement Proceeds to be Received |
|---|---|
| Douglas | $4,450.00 |
| Bautista | $3,500.00 |
| Smith | $2,000.00 |
| Dupree | $3,000.00 |
| Jones | $1,500.00 |

Each plaintiff's pro rata share of the proposed settlement, after deduction of costs and fees, is as follows:

| Plaintiff | Pro Rata Share of the Claims Asserted | Pro Rata Share of the Proposed Settlement |
|---|---|---|
| Douglas | 23.53% | 30.80% |
| Bautista | 23.53% | 24.22% |
| Smith | 23.53% | 13.84% |
| Dupree | 17.65% | 20.76% |
| Jones | 11.76% | 10.38% |

The parties initially moved for approval of the settlement agreement in June of 2017 (see Letter from the Parties to the Undersigned, dated June 20, 2017 (D.I. 56)). In an Opinion and Order dated July 7, 2017, I declined to approve the settlement, in part because it contained a provision, which, contrary to prevailing law, prohibited plaintiffs from assisting in a lawsuit or proceeding against defendants (Opinion & Order, dated July 7, 2017 (D.I. 57) at 4-5). Accordingly, the parties submitted an amended settlement agreement that omits this provision (see Letter from Parties' Counsel to the Undersigned, dated July 14, 2017 ("Parties' July 2017 Letter") (D.I. 59), Ex. 1 (D.I. 59-1)).

In the prior Opinion & Order, I also declined to approve the settlement because the parties had not offered a

4

basis for finding that the allocation of the settlement amount was fair and reasonable (Opinion & Order, dated July 7, 2017 (D.I. 57) at 4). The parties offered no explanation for the disparity between each plaintiff's pro rata share of the total amount claimed and the amount each would receive in the settlement. Specifically, I noted that there was no explanation as to why plaintiffs Douglas, Bautista and Smith, who all have claims for the same amount, are each receiving widely differing amounts (Opinion & Order, dated July 7, 2017 (D.I. 57) at 4). The parties subsequently submitted a letter in which they attempted to explain why two of the plaintiffs received lower settlement amounts than the other plaintiffs. The parties explained that plaintiff Jones took slightly less than his pro rata share of the overall claim as a compromise in an effort to finalize the settlement (Parties' July 2017 Letter at 2). Given the minimal difference between Jones' claimed share and his allocable share (less than 2%), this a sufficient explanation for the disparity in Jones' allocated settlement amount. The parties have failed, however, to explain why Douglas, Bautista and Smith received different settlement amounts. The parties explain that Smith took a lower amount than his counterparts because he missed the settlement conference, and therefore unlike Douglas and Bautista, he did not have to take a day off of work (Parties' July 2017

Letter at 2). However, Smith's allocated share is $1,500 less than Bautista's share and $2,450 less than Douglas' share of the settlement amount. Although Douglas and Bautista are entitled to a larger share to compensate for the wages they lost by attending the settlement conference, I cannot believe that this factor justifies the difference between what Douglas and Smith would receive under the settlement ($2,450.00) or the difference between what Bautista and Smith would receive under the settlement ($1,500). Therefore, the parties have again failed to justify the allocation of the settlement proceeds as fair and reasonable.

Accordingly, the application of plaintiffs, AJS and C&R for approval of their proposed settlement agreement is denied without prejudice to renewal. Any renewed application for approval of the settlement should either include a revised allocation of the settlement proceeds or provide a reasonable explanation of the rationale for the allocation of the proceeds

among the plaintiffs.  Plaintiffs' counsel is directed to provide a copy of this Order to A.J.S. Project Management, Inc. and AJS Construction & Renovation Inc.

Dated:  New York, New York
        October 19, 2017

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

William C. Rand, Esq.
Law Office of William Coudert Rand
Suite 1100
488 Madison Avenue
New York, New York  10022

7